**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HE HUANG, | No. 07-75046 |
| Petitioner, | Agency No. A097-359-924 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

He Huang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture.  We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence, *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004), and we grant the petition for review, and remand.

Substantial evidence does not support the agency's adverse credibility determination because the inconsistencies identified by the agency regarding how Huang obtained his B-1 visa, whether his documents were mailed to him eight or twelve months after his arrival in the United States, and whether the Chinese doctor ordered two weeks of rest are minor and do not got to the heart of his claim of religious persecution. *See id.* at 1201. Furthermore, lack of authentication of Huang's employment termination notice is an insufficient reason for deeming it unreliable. *See Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir. 2003). Finally, because none of the agency's adverse credibility findings is supported, Huang was not required to provide corroboration. *See Marcos v. Gonzales*, 410 F.3d 1112, 1118 (9th Cir. 2005) (where an agency's adverse credibility determination is insufficiently supported, petitioner is not required to provide corroboration to establish facts to which he testified).

Accordingly, we grant the petition for review, and remand for the agency to consider Huang's claims for relief, taking his testimony as true. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

07-75046